IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| KURT D. HILL and TOBI D. HILL, ) | |
| ) | CASE NO. BK10-43498-TJM |
| Debtor(s). ) | A12-4078-TJM |
| DEUTSCHE BANK NATIONAL TRUST ) | |
| COMPANY, solely in its capacity as Trustee in ) | CHAPTER 13 |
| trust for the benefit of the Certificateholders of ) | |
| Ameriquest Mortgage Securities Trust ) | |
| 2006-M3, Asset-Backed Pass-Through ) | |
| Certificates, Series ARSI 2006-M3, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| KURT D. HILL; TOBI D. HILL; and ) | |
| EVANSTON INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the court on the plaintiff's motion for summary judgment (Fil. No. 21) and resistances by Evanston Insurance Company (Fil. No. 30) and the debtors (Fil. No. 31), as well as on the motions to dismiss the adversary proceeding by the debtors (Fil. No. 13) and Evanston Insurance Company (Fil. No. 17). Rebecca Abell-Brown represents the debtors; Eric H. Lindquist, Bradley C. Knapp, and Tom A. Connop represent the plaintiff; and Susan M. Napolitano represents defendant Evanston Insurance Company. A hearing was held on the motions to dismiss on November 7, 2012, at which time they were taken under advisement. Pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion for summary judgment was taken under advisement without oral arguments.

The plaintiff's request for a declaratory judgment is granted. The other motions are denied.

Deutsche Bank National Trust Company ("DBNTC"), which appears to be the holder of the promissory note and mortgage on the debtors' residence, filed this adversary proceeding to set aside a judgment entered in an adversary proceeding filed by the debtors for the purpose of avoiding a lien on the residence. The plaintiff was not named in the prior adversary, so it argues the judgment cannot be effective against it. The defendants have moved to dismiss, arguing there is no case or controversy to be decided here because DBNTC has no grounds for the relief it seeks. DBNTC moves for summary judgment to either set aside the judgment or obtain a declaratory judgment that the

judgment does not bind it. The defendants resist the motion, arguing that DBNTC had notice of the prior proceeding and could have participated in the case. Moreover, the defendants question the validity of the assignment to DBNTC, raising the issue of "robo-signers." The debtors also argue that setting aside the judgment now would unwind their plan, in which all priority and administrative payments have been made.

In July 2006, the debtors executed an adjustable rate interest-only note and a deed of trust on their residence at 1724 Lake View Drive, Wahoo, Nebraska, with lender Argent Mortgage Company, LLC. The note was indorsed in blank. In June 2008, Argent assigned the deed of trust to Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series ARSI 2006-M3. This assignment was recorded by the Saunders County Register of Deeds on June 23, 2008. In February 2009, Deutsche Bank National Trust Company assigned the deed of trust to Deutsche Bank National Trust Company, as Trustee in trust for the benefit of the Certificateholders for Ameriquest Mortgage Securities Trust 2006-M3, Asset-Backed Pass-Through Certificates, Series ARSI 2006-M3. This assignment was recorded by the Saunders County Register of Deeds on March 10, 2009.

In November 2010, the debtors filed the underlying Chapter 13 bankruptcy petition. Their schedules listed American Home Mortgage Servicing ("AHMSI") as the mortgage-holder on their residence. Homeward Residential, Inc.[1], filed a proof of secured claim in the amount of $399,949.98 based on the Argent note and deed of trust. Evanston Insurance Company also filed a proof of secured claim in the amount of $157,276.14 based on the assignment from Liberty First Credit Union of a separate 2007 deed of trust on the debtors' home.

In February 2011, the debtors filed an adversary proceeding (Adv. Pro. No. A11-4009) against Evanston Insurance Company to determine the extent of its lien. The debtors subsequently filed an amended complaint adding AHMSI as a defendant. The debtors indicated they were not aware what entity held the first mortgage, but they knew AHMSI was the servicer. After the answer date passed, the debtors moved for and obtained a default judgment on August 29, 2011, against "American Home Mortgage, Inc." avoiding its lien upon completion of the debtors' Chapter 13 plan.

AHMSI moved for relief from the automatic stay in January 2012 because the debtors had defaulted on their post-petition payments. AHMSI stated in the motion that it was the holder and possessor of the promissory note and was entitled to enforce it, as the note was indorsed in blank and transferred to AHMSI by Argent, making AHMSI the beneficiary of the mortgage securing the note. That motion was withdrawn before it was ruled on.

The debtors' third amended plan was confirmed in April 2012. The court also sustained the trustee's timeliness objection to the claim of Homeward Residential, Inc., ruling that "[n]o secured claim may be filed until it is made clear by contested matter or adversary proceeding that the creditor holds an unavoided lien." Text-only order of Aug. 1, 2012 (Fil. No. 110). DBNTC then filed the

---

[1]According to DBNTC, AHMSI is now known as Homeward Residential, Inc.

present adversary proceeding to set aside the judgment in A11-4009 and to obtain a declaratory judgment that its lien has not been avoided.

The resolution of this matter centers on due process. Federal Rule of Civil Procedure 19(a) and Federal Rule of Bankruptcy Procedure 7019 require the joinder of a party whose interest may be affected by the action. Fed. R. Civ. P. 19(a)(1)(B).[2] In the previous adversary proceeding, DBNTC was not named or served with process. The record contains no evidence that AHMSI is or was a representative of DBNTC for the purpose of avoiding a lien. The amended complaint (Fil. No. 14 in A11-4009) includes a purported assignment from Deutsche Bank National Trust Company to Deutsche Bank National Trust Company as Trustee, so counsel for the debtors knew it claimed an interest in the lien, even if counsel thought the assignment was invalid. The amended complaint is unclear, because in paragraph 11, the debtors assert AHMSI claims to be the mortgage servicer, but in paragraphs 16 and 17 they assert AHMSI may have a valid first mortgage. Lastly, the judgment document submitted by debtors' counsel does not name DBNTC or defendant AHMSI. Instead, it purported to avoid the lien against "American Home Mortgage, Inc."[3]

---

[2]The rule provides in relevant part:

Rule 19. Required Joinder of Parties
(a) PERSONS REQUIRED TO BE JOINED IF FEASIBLE.
    (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if:
        . . .
        (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
            (i) as a practical matter impair or impede the person's ability to protect the interest; or
            (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

[3]While AHMSI's name in the caption is correct, the judgment states in full:

    Judgment is entered in favor of Plaintiffs and against Defendant American Home Mortgage Servicing, Inc.
    The lien held by American Home Mortgage, Inc. on real estate commonly described as 1724 Lake View Drive, Wahoo, Nebraska, is hereby avoided effective upon completion of the Chapter 13 plan. At that time, the lien shall be released by the Saunders County Register of Deeds.

Fil. No. 26 in A11-4009.

Accordingly, the judgment in the prior adversary proceeding does not in any way affect DBNTC's interest. Even if DBNTC had been named in that adversary, the first mortgage or deed of trust cannot be avoided under 11 U.S.C. §§ 506 or 522 because it is a consensual lien and there is some value to support it, as shown by the comparative market analysis attached to the amended complaint.

If the debtors want to strip off the lien held by Evanston, they may reopen the adversary proceeding, name DBNTC as a defendant so it can demonstrate a valid interest in the property, present evidence of the property's value, and argue that Evanston's lien is wholly unsecured and subject to avoidance under Fisette v. Keller (In re Fisette), 455 B.R. 177 (B.A.P. 8th Cir. 2011).

IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. No. 21) is granted. The motions to dismiss the adversary proceeding by the debtors (Fil. No. 13) and Evanston Insurance Company (Fil. No. 17) are denied. The judgment entered in Adversary Proceeding A11-4009 does not affect the interest held by the plaintiff in this case. Separate judgment will be entered.

DATED:      November 29, 2012

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *Rebecca Abell-Brown
    *Eric H. Lindquist
    *Bradley C. Knapp
    *Tom A. Connop
    *Susan M. Napolitano
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.